*Ex Parte* ESTEBANÍA VÁZQUEZ BARRETO,
peticionaria y apelante.

Núm. 9236.—*Sometido:* Diciembre 26, 1945.  *Resuelto:* Enero 28, 1946.

*Néstor A. Rodríguez Escudero,* abogado de la apelante.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Doña Estebanía Vázquez Barreto presentó ante la Corte de Distrito de Aguadilla una solicitud sobre declaratoria de herederos alegando, entre otros hechos, en síntesis, los siguientes: (1) que Juan Manuel Vázquez Barreto falleció ab intestato en la ciudad de San Juan, Puerto Rico, el día 26 de noviembre de 1939, dejando como sus únicos y universales herederos a su viuda doña Aurea Irizarry y a su padre don Juan Manuel Vázquez Vega; (2) que don Juan Manuel Vázquez Vega, padre de su finado hijo Juan Manuel Vázquez Barreto, falleció ab intestato en Isabela, Puerto Rico, el día 1o. de marzo de 1942, sobreviviéndole sus hijos Ana Dámasa, Agustín, Carmen, María Cristina, Generosa, Guillermina, Encarnación y Estebanía, la peticionaria, todos de apellidos Vázquez Barreto, y sus nietos, hijos de su finado hijo Félix Vázquez Barreto, llamados María, Félix y Juan Manuel Vázquez Avilés, y sus otros nietos, hijos de su finada hija Rosa Vázquez Barreto, llamados Eva, Estela y Carmen

Margot Quiñones Vázquez, quienes son sus únicos y universales herederos; (3) que tanto don Juan Manuel Vázquez Barreto como don Juan Manuel Vázquez Vega, al fallecer no dejaron otros herederos, que los antes nombrados, pero sí dejaron bienes sujetos a partición. Terminó la solicitud suplicando (1) que se declare herederos de don Juan Manuel Vázquez Barreto a su padre don Juan Manuel Vázquez Vega y a su cónyuge viuda doña Aurea Irizarry en la forma y proporción que determina la ley; y (2) que se declare herederos de don Juan Manuel Vázquez Vega a sus hijos y nietos legítimos antes nombrados en la forma y proporción que determina la Ley.

La Corte de Distrito de Aguadilla, con fecha 29 de julio de 1945, resolvió: (1) declarar como declaró únicos y universales herederos de don Juan Manuel Vázquez Vega a sus nombrados hijos y nietos legítimos; y (2) no haber lugar a dictar el auto de declaratoria de herederos de don Juan Manuel Vázquez Barreto, por no haberse presentado la solicitud por la persona que tenía interés en la herencia del referido finado, ya que ni de la solicitud ni de la prueba practicada aparece este hecho. (Art. 552 del Código de Enjuiciamiento Civil, edición de 1933.)

Contra la segunda parte de la precedente resolución, la peticionaria interpuso el presente recurso, alegando que la corte "a quo" erró al declarar no haber lugar a dictar el auto de declaratoria de herederos de Juan Vázquez Barreto basándose para tal negativa en que ella, la nombrada peticionaria, no tenía interés en la herencia de su finado hermano, Juan Manuel Vázquez Barreto.

De la solicitud aparece que tanto don Juan Manuel Vázquez Barreto como su padre don Juan Manuel Vázquez Vega dejaron bienes sujetos a partición. De la prueba practicada resulta que cada uno de ellos dejó una herencia consistente en una participación o condominio en un solar con su casa, ubicado en el pueblo de Isabela, Puerto Rico. También apa-

rece de las alegaciones y de la prueba que don Juan Manuel Vázquez Barreto falleció ab intestato dejando como sus herederos a su padre don Juan Manuel Vázquez Vega y a su viuda doña Aurea Irizarry, y que luego don Juan Manuel Vázquez Vega falleció dejando como sus únicos y universales herederos a sus nombrados hijos y nietos legítimos entre los cuales se encuentra la peticionaria. En otras palabras, aparece una herencia dejada por Juan Manuel Vázquez Barreto y otra dejada por Juan Manuel Vázquez Vega. Nos preguntamos, ¿quién, de acuerdo con las disposiciones de los artículos 898 y 761 del Código Civil tenía derecho o interés en la herencia de Vázquez Barreto? De acuerdo con estos artículos correspondía la herencia a su padre y cónyuge viuda en la forma y proporción que determina la Ley, siendo, por tanto, estas personas las que tenían derecho e interés en la herencia de dicho finado. Si don Juan Manuel Vázquez Vega oportunamente hubiese solicitado de la corte inferior se le declarase heredero de su hijo Vázquez Barreto, así como a su viuda en cuanto a la cuota usufructuaria, seguramente la corte no hubiera desestimado esta solicitud, ya que el padre y la viuda eran los llamados a heredarle de acuerdo con la Ley. Empero, según se infiere de los hechos de este caso, don Juan Manuel Vázquez Vega, al morir intestado su hijo Juan Manuel Vázquez Barreto, no solicitó a su favor declaración de herederos. En este estado de la herencia, al fallecer don Juan Manuel Vázquez Vega, la peticionaria, como uno de los herederos de éste, solicitó de la corte inferior la declaración de herederos de su finado hermano Juan Manuel Vázquez Barreto a favor de su finado padre y de la cónyuge viuda.

De los hechos antes relatados surge el interés de la peticionaria y de sus coherederos en la herencia del finado Juan Manuel Vázquez Barreto. La corte inferior, en la resolución dictada en este caso, declaró únicos y universales herederos de don Juan Manuel Vázquez Vega a sus hijos

y nietos legítimos antes nombrados, entre los cuales se encuentra la peticionaria, lo que equivale a declararlos continuadores de la personalidad del causante don Juan Manuel Vázquez Vega, por lo que no puede decirse que éste sea persona distinta de aquéllos. Véase *Sucn. Dávila* v. *Registrador,* 15 D.P.R. 669. Agreguemos a esto que la herencia comprende todos los bienes, derechos y obligaciones de una persona, que no se extinguen por su muerte (Art. 608 del Código Civil); y que los herederos suceden al difunto por el hecho solo de su muerte en todos sus derechos y obligaciones (Art. 610, Código Civil). Si los herederos de Juan Manuel Vázquez son los continuadores de la personalidad de éste, a quien suceden por el solo hecho de su muerte en todos sus bienes, derechos y obligaciones, ¿cómo puede sostenerse que dichos herederos no tienen derecho o interés en la herencia que correspondiera a Juan Manuel Vázquez Vega de su hijo Juan Manuel Vázquez Barreto, y que ahora por muerte del citado Vázquez Vega corresponde a su sucesión de la cual forma parte la peticionaria? La peticionaria, como uno de los herederos que son continuadores de la personalidad de su padre, a quien sucedieron en todos sus bienes, derechos y acciones, tiene un perfecto derecho como parte interesada a solicitar y a que se declare con lugar la declaración de herederos de su finado hermano. El derecho o interés que tuviera don Juan Manuel Vega sobre la herencia de su finado hijo pasó a ser un derecho e interés de sus herederos.

*Por los fundamentos expresados, entendemos que procede modificar la resolución dictada por la corte inferior en el sentido de declarar únicos y universales herederos de don Juan Manuel Vázquez Barreto a su padre don Juan Manuel Vázquez Vega y a su cónyuge viuda doña Aurea Irizarry, en la forma y proporción que determina la Ley; y así modificada, confirmarla.*